IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARION C. STARKS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MICHAEL HENNESSEY,<br><br>　　　　Defendant. | Case No.: 12-5283 JSC<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH PREJUDICE (Dkt. No. 7)** |

Plaintiff, proceeding pro se, filed an Amended Complaint alleging violation of his constitutional rights on November 6, 2012.[1] (Dkt. No. 7.) This action appears to arise from Plaintiff's detention from 2008-2010 relating to assault charges and/or a probation violation. The Court dismissed Plaintiff's initial complaint for failure to state a claim because the only claim alleged was for false imprisonment, but granted Plaintiff leave to amend to establish a basis for federal subject matter jurisdiction over his claim.

Under 28 U.S.C. §1915, the Court has a continuing duty to dismiss any case in which a party seeks leave to proceed *in forma pauperis* if the Court determines that the action (1) is

---

[1] Pursuant to 28 U.S.C. § 636(c), Plaintiff consented to the jurisdiction of a United States magistrate judge (Dkt. No. 5), and Defendant, not yet served, is not a party to this case. See Third World Media, LLC v. Does 1-1568, 2011 WL 4344160 at *3 (N.D. Cal. Sept. 15, 2011).

frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Defendant's Amended Complaint again fails to state a claim and is DISMISSED with prejudice as outlined below.[2]

## DISCUSSION

A complaint fails to state a claim upon which relief may be granted if plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Essentially, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Plaintiff's initial Complaint alleged that he was "falsely imprisoned for 30 months on a [sic] assault case." (Dkt. No. 1, p. 2.) Plaintiff's two-page Amended Complaint marginally expands on his prior allegations. Plaintiff states that the "14 months I did in a program. It was unconstitutional." (Dkt. No. 7, p. 2). He reiterates his claim that "the district attorney violated my civil rights going in my medical records without my consent." *Id*. Plaintiff includes a new allegation that his rights under the Americans with Disabilities Act were violated when he lost his "SSI money" while "being locked up 26 months." *Id.* He states that he "think[s] that it was unconstitutional that I did 26 unlawfully arrested in jail accused of 9 felony counts and got acquitted which I should have got acquitted of the misdeamors [sic]." *Id.* The Amended Complaint concludes that it was "unconstitutional that I had do 26 months and got acquitted this was false imprisonment and I had to do 14 months this was unconstitutional and violation

---

[2] The Court notes that Plaintiff is not unfamiliar with the pleading requirements in federal court having previously filed eight actions in the Northern District of California challenging prior convictions or aspects of his confinement related to those convictions pursuant to 42 U.S.C. § 1983 (civil rights actions) or 28 U.S.C. § 2254 (habeas corpus petitions). *See Starks v. Seaver*, No. 08-5400-MMC, *Starks v. Seaver*, No. 10-00278-MMC, *Starks v. Hennessey*, No. 10-cv-820-MMC, *Starks v. Hennessey*, No. 08-cv-5490-MMC, *Starks v. Hennessey*, No. 09-6073-MMC, *Starks v. Levy*, No. 09-6072-MMC, *Starks v. Hennessey*, No. 10-00062-MMC*, Starks v. Hennessey*, No. 11-cv-3694-PJH.

of my constitutional rights because they said I violated a disobeyed a court order which I didn't because they didn't give me no court ordered papers." *Id*. at 3.

As with Plaintiff's initial complaint, there are a number of issues with Plaintiff's Amended Complaint. Plaintiff appears to allege a claim for a violation of his civil rights through his claims of "unconstitutional" acts which would provide subject matter jurisdiction over his claims under 28 U.S.C. § 1331. However, as the Court noted in dismissing his original complaint, to the extent that Plaintiff seeks to state a claim for a violation of his civil rights such claim, if any, would likely arise under 42 U.S.C. § 1983. Nonetheless, the Amended Complaint contains no mention of § 1983 or the elements of a § 1983 claim. To state a claim under § 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Further, to the extent that Plaintiff seeks to state a claim for relief under § 1983, that claim may be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that in order to recover damages for an allegedly unconstitutional conviction or imprisonment pursuant to 42 U.S.C. § 1983, a plaintiff must prove that the conviction or sentence was invalidated. *Id*. at 486-487. Although Plaintiff states that he was acquitted of the felony charges, he also states that he should have "got acquitted of the misdeamors [sic]." (Dkt. No. 7, p. 2.) Further, as with his original complaint, Plaintiff suggests that he was detained at least in part because he violated a court order. Both allegations suggest that at least a part of his detention was based on his conviction of certain misdemeanor offenses and/or a violation of a court order; because Plaintiff has not alleged that the court's decision in either respect was reversed or declared invalid, his claims appear *Heck* barred.

Finally, Plaintiff's new allegation that his rights under the Americans with Disabilities Act were violated by the loss of his Social Security benefits during the time he was detained, may be barred by 42 U.S.C. § 402(x) which provides for the suspension of monthly benefit payments to prisoners where the individual is confined pursuant certain circumstances that

3

may apply here, i.e., incarceration pursuant to a conviction for a criminal offense or probation violation. *See* 42 U.S.C. §§ 402(x)(1)(A)(i), (1)(A)(v). The Court finds it unnecessary to reach this issue, however, as it does not appear that Plaintiff has exhausted his administrative remedies prior to bringing suit. *See Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989) (finding that claimant's failure to exhaust the procedures set forth in the Social Security Act, 42 U.S.C. § 405(g) prior to filing suit, deprived the district court of jurisdiction).

## CONCLUSION

For the reasons stated above, Plaintiff's complaint is DISMISSED with prejudice. Leave to amend may be denied "where the amendment would be futile." *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *see also Semiconductor Energy Laboratory Co., Ltd. v. Yujurio Nagata*, 2012 WL 177557 *8 n.6 (N.D. Cal. Jan. 23, 2012)(finding that further amendment can be denied as futile, particularly when a plaintiff has already amended the complaint once). The Court concludes that Defendant failed to cure the pleading defects in this action in his amended complaint and that any further amendment would be futile.

**IT IS SO ORDERED.**

Dated:  November 28, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE